# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AUSENCIO SANCHEZ on behalf of himself and all other persons similarly situated ) ) ) | |
| Plaintiff, ) ) | Case No. |
| v. ) ) | Judge |
| BRIA HEALTH SERVICES LLC, and HEALTHCARE SERVICES GROUP, INC ) ) ) ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Ausencio Sanchez, by and through his attorneys, on behalf of himself and all other persons similarly situated, for his complaint against Bria Health Services LLC (hereinafter "Bria"), and Healthcare Services Group, Inc (hereinafter "Healthcare Services"), (collectively "Defendants") states as follows:

### I. NATURE OF THE CASE

1. This lawsuit arises under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), for Defendants failure to pay earned vacation pay to Plaintiff and similarly situated employees as part of their final wages.

### II. JURISDICTION AND VENUE

2. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to the jurisdictional provisions of the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d) in that this is a putative class action in which (1) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; (2) at least some of the members of the class are citizens of a state

different from Defendants; and (3) Plaintiffs bring their class claims pursuant to Fed. R. Civ. P. Rule 23.

3. Venue is proper in this judicial district pursuant to 735 ILCS 5/2-101 in that Plaintiff performed work for Defendant within DuPage County, Illinois; a substantial number of the acts complained of herein occurred within DuPage County, Illinois; and Defendants have conducted and transacted business within DuPage County, Illinois.

### III.  PARTIES

4. At all relevant times, Plaintiff:
   a. was an "employee" of Defendant as that term is defined by the IWPCA, 820 ILCS 115/2;
   b. has resided in and has been domiciled within this judicial district.

5. At all relevant times, Defendant Bria:
   a. has been a corporation organized under the laws of the State of Illinois;
   b. has conducted business in Illinois and within this judicial district;
   c. has been Plaintiff's "employer" as that term is defined by the IWPCA, 820 ILCS 115/2;
   d. has had four or more employees, including Plaintiff.

6. At all relevant times, Defendant Healthcare Services:
   e. has been a corporation organized under the laws of the State of Illinois;
   f. has conducted business in Illinois and within this judicial district;
   g. has been Plaintiff's "employer" as that term is defined by the IWPCA, 820 ILCS 115/2;
   h. has had four or more employees, including Plaintiff.

## I. FACTUAL BACKGROUND

6. Plaintiff and other similarly situated employees have been employed by Defendants within the ten years preceding the filing of this lawsuit.

7. On information and belief, Defendant Bria owns or operates at least nine healthcare and rehabilitation facilities within Illinois.

8. On information and belief, Defendant Healthcare Services provides staffing services to dozens of senior living facilities and hospitals within Illinois including Defendant Bria.

9. Plaintiff worked for Defendants at the Westmont Nursing Home located at 6501 S. Cass Ave, in Westmont, Illinois.

10. Defendants were Plaintiff's joint employers.

11. Defendants both exercised control over Plaintiff's employment.

12. Defendants maintained a vacation policy as part of their compensation package for Plaintiff and other similarly situated employees.

13. During the course of his employment with Defendants, Plaintiff and other similarly situated employees did, in fact, earn vacation pay.

14. According to the IWPCA, vacation pay vests as it is earned and accrued.

15. Upon leaving his employment with Defendants, Plaintiff was not paid for all of his earned vacation pay as part of his final compensation.

16. On information and belief Defendants have a policy of not paying their employees any of the vacation they have accrued at the time the employees' employment with Defendants is terminated.

17. Other similarly situated employees who left Defendants' employment were also not paid all accrued vacation pay as part of their final compensation.

## II. CLASS ACTION ALLEGATIONS

18. Plaintiff will seek to certify as a class action pursuant to FRCP Rule 23 his state law claim for unpaid vacation pay arising under the IWPCA. Plaintiff will ask the Court to determine the rights of the parties pursuant to those statutes and to direct the Defendants to account for all hours worked and wages paid to the class members during the temporality of the class.

19. Count I is brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

   a. The class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant has employed hundreds or thousands of persons, during the IWPCA Class Period;

   b. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

   (i) Whether Defendants failed to pay Plaintiffs and similarly situated employees for all accrued vacation pay as part of their final compensation;

   c. The class representative and the members of the class have been equally affected by Defendants' failure to pay for all accrued vacation pay;

   d. Given that Plaintiff and the Class are low wage workers, members of the class will be reluctant to bring forth claims for unpaid wages for fear of retaliation;

   e. The class representative, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the class representative is able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each

member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants and the Court.

20. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT IX
### Violation of the Illinois Wage Payment and Collection Act – Vacation Pay
### Plaintiff on behalf of himself and similarly situated employees against Defendants
### Class Action

Plaintiff hereby re-alleges paragraphs 1 through 20 of this Complaint as if fully set forth herein.

21. This Count arises from Defendants' violation of the IWPCA, 820 ILCS 115/1 *et seq*., for its failure to compensate Plaintiff and similarly situated employees for all earned vacation pay, as described more fully in paragraphs 12-16, *supra*.

22. At the time of his hire with Defendant and during his employment with Defendants, Plaintiff was subject to a vacation policy, as described more fully in paragraphs 12-16, *supra*.

23. During the IWPCA class period, other similarly situated laborers employed by Defendants were likewise subject to the same vacation policy.

24. During the IWPCA class period, Plaintiff and other similarly situated employees of Defendants earned vacation pay but did not receive a *pro rata* share of their earned vacation pay.

25. Upon termination, an employee is entitled to receive the monetary equivalent of earned vacation pay as a part of his/her final compensation pursuant to the IWPCA. 820 ILCS 115/2 & 5. 56 Ill. Admin. Code §300.520.

26. At the time of their termination from employment, Plaintiff and other similarly situated employees of Defendants were not paid the monetary equivalent of their earned vacation by Defendants as a part of their final compensation.

27. Defendants' policy and practice of not paying earned vacation pay to Plaintiff and the class violated the IWPCA.

28. The Class that Plaintiff seeks to represent in regard to the claim for vacation pay arising under the IWPCA is composed of and defined as all persons who have been employed by Defendants and have since terminated their employment from January 14, 2005 up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiff and similarly situated employees pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of the monetary equivalent of all accrued vacation due Plaintiffs and the Class as provided by the IWPCA;

C. That the Court declare that Defendants' vacation policy violates the IWPCA by not treating vacation pay as vesting as labor is rendered and by causing a forfeiture of accrued vacation;

D. That the Court enjoin Defendants from violating the IWPCA in the future;

E. Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 115/1 *et seq.*;

F. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: January 15, 2015

s/Alvar Ayala
ALVAR AYALA
CHRISTOPHER J. WILLIAMS
401 S. LaSalle Street, Suite 1400
Chicago, Illinois 60605
(312) 795-9121
Attorney for Plaintiffs